ACCEPTED
15-25-00113-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/10/2025 3:24 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00113-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/10/2025 3:24:47 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS
AT AUSTIN, TEXAS

PLEASANTON HOUSING FINANCE CORPORATION AND THE BOARD MEMBERS OF THE PLEASANTON HOUSING FINANCE CORPORATION, IN THEIR OFFICIAL CAPACITIES,

*Appellants,*

v.

CITY OF MISSOURI CITY, TEXAS AND SIENNA PARKS & LEVEE IMPROVEMENT DISTRICT,

*Appellees.*

On Appeal from the 240th District Court of Fort Bend County, Texas
No. 25-DCV-328899

APPELLEES' MOTION TO TRANSFER TO THE
FIRST OR FOURTEENTH COURT OF APPEALS

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellees, the City of Missouri City, Texas and Sienna Parks & Levee Improvement District, file this motion to transfer appeal pursuant to Texas Rule of Appellate Procedure 27a and respectfully request this appeal be transferred to the First or Fourteenth Court of Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an appeal of an order from the 240th District Court of Fort Bend County granting Appellees a temporary injunction, enjoining Appellants from taking any further action toward acquiring certain property located in Appellee Sienna Parks & Levee Improvement District and the extra-territorial jurisdiction of Appellee City of Missouri City. CR113-15. Appellants filed their Notice of Appeal on June 23, 2025. Thus, this Motion to Transfer is timely filed within 30 days of the Notice of Appeal. Tex. R. App. P. 27a(c)(1)(A).[1]

This case arises from the actions of Appellant Pleasanton Housing Finance Corporation ("Pleasanton HFC") and its Appellant board members in unlawfully seeking to remove property known as Royal Sienna, a large apartment complex located in Fort Bend County, the Sienna Parks & Levee Improvement District, and the extra-territorial jurisdiction of Missouri City, from the public tax rolls in Fort Bend

[1] On June 25, 2025, in Cause No. 15-25-00110-CV, *Pleasanton Housing Finance Corporation, et al. v. City of Lake Worth, Texas*, the Court issued a letter to Appellants, requesting that Appellants file a response that identifies which specific parts of Texas Rule of Appellate Procedure 25.1(d)(9) Appellants believe that appeal (as well other similar appeals) involves and explains their reasoning. The Court did not include this appeal (Cause No. 12-25-00113-CV) as one of the appeals at issue, and Appellees were not given notice of the Court's letter. On July 2, 2025, Appellants submitted their response to the Court's letter and filed it in this appeal as well other appeals in which Appellants are parties.

2

County. Such action is in violation of Chapter 394 of the Texas Local Government Code, which governs the creation and operation of housing finance corporations by municipalities and counties in Texas.

Chapter 394 authorizes a Texas city to create a local housing finance corporation to promote the availability of affordable housing within that city's corporate limits. More specifically, the statute gives housing finance corporations the authority to provide home mortgages for low or moderate income purchasers and to acquire and operate apartment complexes and similar facilities for occupancy of persons of low or moderate income. Tex. Loc. Gov't Code § 394.039. Once a housing finance corporation acquires an apartment property, that is located *within the boundaries* of the entity that created the housing finance corporation, the property is exempt from taxation for as long as it is owned by the housing finance corporation. *Id.* at § 394.905.

The same does not hold for an apartment property that is located in a different city or county. Section 394.903(a) expressly provides that a "residential development covered by this chapter must be located in *the* local government." (Emphasis added). Thus, any "residential development" that is located outside of "*the* local government"—here,

3

the City of Pleasanton—is not covered by Chapter 394 and does not qualify for a tax exemption. Tex. Loc. Gov't Code § 394.903(a) (emphasis added).

The City of Pleasanton, which is located 220 miles from Fort Bend County, created the Pleasanton HFC for the sole purpose of generating windfall revenue for the City of Pleasanton at the expense of other cities, counties, school districts, and special districts that are located outside of Pleasanton's corporate boundaries. Relevant to this case, Pleasanton HFC purports to be the owner of Royal Sienna, an apartment complex hundreds of miles from the City of Pleasanton.

Accordingly, Appellees filed the underlying lawsuit, seeking declaratory and injunctive relief. CR42-76. Appellees have not challenged the constitutionality or validity of a state statute or rule. *Id.* On June 9, 2025, the trial court granted Appellees' request for a temporary injunction, and enjoined Appellants from taking any further action toward the acquisition of Royal Sienna. CR113-15.

Appellants appealed that order to this Court. CR117. The Fifteenth Court is not authorized to decide the appeal because it is not an appeal within the Court's exclusive intermediate appellate

4

jurisdiction, nor was it transferred into the Court to equalize the courts of appeals' dockets. *See Kelley v. Homminga*, 706 S.W.3d 829, 830 (Tex. 2025).

## ARGUMENT

In 2023, the Legislature passed Senate Bill 1045 ("SB 1045"), creating "the Fifteenth Court of Appeals with jurisdiction over *certain* civil cases." *Id.* at 831 (citing Act of May 21, 2023, 88th Leg., R.S., ch. 459, 2023 Tex. Gen. Laws) (emphasis added). When an appeal is "inappropriately filed" in the Fifteenth Court of Appeals, section 73.001(c) of the Texas Government Code directs that the appeal "be transferred to another court of appeals." *Id.* at 832 (citing Tex. Gov't Code § 73.001).

The Texas Supreme Court has clarified that "the relevant statutes authorize the Fifteenth Court to hear (1) appeals and writs within the court's exclusive intermediate appellate jurisdiction, and (2) appeals we transfer into the court to equalize the courts of appeals' dockets." *Id.* at 831. Because the Texas Supreme Court has not transferred this appeal into the Fifteenth Court of Appeals, the only question is whether this

5

appeal is within the Court's exclusive intermediate appellate jurisdiction. It's not.

SB 1045 amended Section 22.220 of the Texas Government Code. It granted the Fifteenth Court "exclusive intermediate appellate jurisdiction" over three categories of matters arising out of or relating to civil cases: (1) certain matters brought by or against the State, its executive branch agencies, or their officers or employees engaged in official conduct; (2) matters challenging the constitutionality or validity of a state statute or rule when the attorney general is a party; and (3) any other matter as provided by law. *Baumgardner v. Brazos River Auth.*, 2025 Tex. LEXIS 590, at \*5 (June 27, 2025) (citing Tex. Gov't Code § 22.220(d)).

I.     **This appeal is not brought by or against the State, or a board, commission, department, office, or other agency in the executive branch of the State government.**

Whether Appellants fit within the first category of the jurisdictional statute is a question of statutory construction. *Id.* at \*7. The Court should consider "the literal text of the statute" to determine the Legislature's intent. *Id.* The literal text of section 22.220 of the Texas Government Code is:

> *matters brought by or against the state or* a board, commission, department, office, or *other agency in the executive branch of the state government*, including a university system or institution of higher education as defined by Section 61.003, Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct, other than [certain listed proceedings].

*Id.* at \*6 (quoting Tex. Gov't Code § 22.220) (emphasis in original).

*In Baumgardner v. Brazos River Authority*, the Texas Supreme Court determined that a river authority did not fit within section 22.220. *See* 2025 Tex. LEXIS 590. In reaching that conclusion, the Court analyzed the literal text of the statute and relied on its plain meaning "to give effect to every word, clause, and sentence." *Id.* at \*7. The Court began by examining the prepositional phrase "in the executive branch of the state government," and explained that "the preposition 'in' limits its application to entities that exist as part of, or within, the state executive branch." *Id.* (citations omitted).

In concluding that river authorities are not part of the executive branch, the Court reasoned that they are not "core executive agencies" described generally by Article IV of the Texas Constitution, and they exist "not as part of the state government but as entit[ies] distinct from

7

and subordinate to the State." *Id.* at *8. River authorities derive their authority from a section contained within the "General Provisions" article of the Texas Constitution, and the governing statutes for various river authorities are in Title 6 of the Special District Local Laws Code, rather than Title 4 of the Government Code. *Id.* at *8-9.

The Court also found it significant that it had referred to river authorities as "political subdivisions" in a number of cases. *Id.* at *10. And political subdivisions differ from state agencies:

> A political subdivision has jurisdiction over a portion of the State; a department, board or agency of the State exercises its jurisdiction throughout the State. Members of the governing body of a political subdivision are elected in local elections or are appointed by locally elected officials; those who govern departments, boards or agencies of the State are elected in statewide elections or are appointed by State officials. Political subdivisions have the power to assess and collect taxes; departments, boards and agencies do not have that power.

*Id.* at *10-11 (citations omitted).

Housing finance corporations are not part of the executive branch of the State government, nor are any of the officers named in this suit considered officers or employees of the executive branch of the State government. They are created by local governments, and they are

8

confined to operate within the local governments (the political subdivisions) that created them. Tex. Loc. Gov't Code § 394.903.

"All the powers of the corporation are vested" not in the Governor or the executive branch of the State but in a "board of directors . . . all of whom must be residents of the local government." *Id.* at § 394.021(a). The Fourteenth Court of Appeals has described housing finance corporations as "an arm of the local government." *Johnson v. Guerra*, No. 14-20-00260-CV, 2021 Tex. App. LEXIS 8531, at *9 (Tex. App.—Houston [14th Dist.] Oct. 21, 2021, no pet.) (mem. op.).

Appellants acknowledge in their letter to this Court, addressing the jurisdictional question, that housing finance corporations are created by cities and are not state agencies. Appellants describe housing finance corporations as "akin" to state agencies. Even if Appellants' contentions were true that housing finance corporations are authorized to operate across the State, which they are not, that alone would not be dispositive. In fact, it is far from enough to establish that they are "*in*" the executive branch of the State government. *Baumgardner*, 2025 Tex. LEXIS 590, at *6-7 ("The truest manifestation of legislative intent is the literal text of the statute.").

9

Housing finance corporations are not described as "core executive agencies" described in Article IV of the Texas Constitution. Housing finance corporations derive their authority from Chapter 394 of the Texas Local Government Code, rather than Title 4 of the Government Code, which generally applies to the executive branch. *See id.* at *9. Furthermore, while those who govern departments, boards or agencies of the State are elected in statewide elections or are appointed by State officials, housing finance corporation board members must be residents of the local government that created the corporation, and the governing body of the local government appoints the directors as provided by the articles of incorporation or bylaws. Tex. Loc. Gov't Code § 394.021.

## II. This lawsuit does not involve a challenge to the constitutionality or validity of a state statute or rule, and the attorney general is not a party.

Appellees have not challenged the constitutionality or validity of a state statute or rule, and the attorney general is not a party to this lawsuit. CR42-76. While Appellants are defendants in a number of lawsuits regarding Pleasanton HFC's unlawful attempts to operate outside of its jurisdiction, and, according to Appellants, many of those lawsuits involve constitutional challenges, this lawsuit is not one of

them. *Id.* Moreover, a challenge based on unconstitutional actions is not the same as challenging the constitutionality or validity of a state statute or rule. Category two of the Fifteenth Court's exclusive intermediate appellate jurisdiction does not apply.

## III. The Texas Supreme Court has made it clear that the Legislature did not intend to grant every civil appellant the option of litigating in the Fifteenth Court of Appeals.

In *Kelley v. Homminga,* the Texas Supreme Court considered two motions to transfer on two appeals. 706 S.W.3d at 830. The first was regarding a Galveston County final judgment, awarding over $1 million in damages on claims arising from a construction dispute, and the second was regarding an appeal from a DeWitt County final judgment awarding over $1 million in damages on claims arising from a royalty dispute. *Id.*

The defendants asserted that the Fifteenth Court had statewide jurisdiction based on Sections 22.201(p) and 22.220(a) of the Texas Government Code, but they conceded that their appeals were not within the Fifteenth Court's exclusive jurisdiction. *Id.* The Texas Supreme Court agreed that the Fifteenth Court has jurisdiction over civil cases appealed from every county but clarified that "this jurisdictional

11

premise alone does not establish that the Legislature intended to grant every civil appellant the option of litigating in the Fifteenth Court. To the contrary, several textual clues indicate that this is not what the Legislature intended at all." *Id.* at 832.

For example, SB 1045 specifies that the Fifteenth Court was created to hear "*certain* civil cases." *Id.* (emphasis added). The Court in *Kelley* also explained that interpreting the relevant statutory provisions to mean that the Fifteenth Court could hear any and all appeals would render provisions of Section 73.001 of the Texas Government Code meaningless, including the provisions explaining that certain cases can be "properly filed" in the Fifteenth Court, while others can be "inappropriately filed" in the Fifteenth Court. *Id.*

"Properly filed appeals must have a narrower meaning than all civil appeals." *Id.* at 833. The Court concluded that "properly filed" cases are those that fit within the "exclusive intermediate appellate jurisdiction" category, and appeals falling outside of that jurisdiction are "inappropriately filed" and must be transferred. *Id.* For all of the reasons provided, this appeal was inappropriately filed in the Fifteenth Court and should be transferred.

## CONCLUSION AND PRAYER

As established above, this appeal does not fall within the Fifteenth Court's exclusive intermediate appellate jurisdiction, and it was not transferred to this Court by the Texas Supreme Court. Therefore, it has been inappropriately filed in this Court, and Appellees respectfully request that the Court transfer the appeal to the First or Fourteenth Court of Appeals.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By: */s/ Allison S. Killian*

Allison S. Killian
State Bar No. 24099785
akillian@olsonllp.com
John J. Hightower
State Bar No. 09614200
jhightower@olsonllp.com
Jordan Marget
State Bar No. 24130447
jmarget@olsonllp.com
2727 Allen Parkway, Suite 600
Houston, Texas 77019
Telephone: (713) 533-3800
Facsimile: (713) 533-3888

**COUNSEL FOR APPELLEES,
CITY OF MISSOURI CITY, TEXAS
AND SIENNA PARKS & LEVEE
IMPROVEMENT DISTRICT**

## CERTIFICATE OF CONFERENCE

The undersigned counsel contacted counsel for Appellants, who responded that Appellants are opposed to Appellees' motion to transfer appeal.

/s/ *Allison S. Killian*
Allison S. Killian

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties to this appeal, through their respective counsel of record, on July 10, 2025, as follows:

Blake W. Stribling                           *Via electronic service*
Daniel J. Lecavalier
CHASNOFF | STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
bstribling@chasnoffstribling.com
dlecavalier@chasnoffstribling.com

/s/ *Allison S. Killian*
Allison S. Killian

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kaela Olson on behalf of Allison Killian
Bar No. 24099785
kolson@olsonllp.com
Envelope ID: 102989697
Filing Code Description: Motion
Filing Description: Appellees' Motion to Transfer to the First or Fourteenth Court of Appeals
Status as of 7/10/2025 3:38 PM CST

Associated Case Party: City of Missouri City, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Hightower | 9614200 | jhightower@olsonllp.com | 7/10/2025 3:24:47 PM | SENT |
| Allison Killian | 24099785 | akillian@olsonllp.com | 7/10/2025 3:24:47 PM | SENT |
| E. Joyce Iyamu | | ejiyamu@missouricitytx.gov | 7/10/2025 3:24:47 PM | SENT |
| Jordan Marget | 24130447 | jmarget@olsonllp.com | 7/10/2025 3:24:47 PM | SENT |

Associated Case Party: Sienna Parks & Levee Improvement District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joel Cleveland | | Joel@mullerlawgroup.com | 7/10/2025 3:24:47 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 7/10/2025 3:24:47 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 7/10/2025 3:24:47 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 7/10/2025 3:24:47 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 7/10/2025 3:24:47 PM | SENT |
| Daniel Lecavalier | | dlecavalier@chasnoffstribling.com | 7/10/2025 3:24:47 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 7/10/2025 3:24:47 PM | SENT |